354 S.E.2d 822

**Dale E. COOPER, et al.**

v.

**GLAVAS CONTRACTING CO., INC., etc. and Peti Glavas, etc.**

**Dale E. COOPER, et al.**

v.

**GLAVAS CONTRACTING CO., INC., etc.**

**Nos. 16873, 16947.**

Supreme Court of Appeals of West Virginia.

March 11, 1987.

---

Robert J. Smith, Larry J. Rowe, Charleston, for appellants.

LaVerne Sweeney, Grafton, for appellees.

BROTHERTON, Justice:

The facts in this case are substantially uncontradicted. Glavas Contracting Co. hired several carpenters pursuant to a collective bargaining agreement with the Carpenters Union. The collective bargaining agreement authorized the employer to deduct from the wages it paid to each employee union dues in an amount equal to two and one-half percent of the employee's gross wages. Glavas Contracting regularly deducted the dues from the carpenters' paychecks, but never sent these amounts to the union.

■ The employees brought suit pursuant to W.Va.Code § 21–5–4(e) (1985), charging Glavas Contracting and Peti Glavas, its owner, with failure to pay their wages. The trial court, in its order, dismissed Peti Glavas [1] from the complaint and found that by failing to pay over the withheld dues, Glavas Contracting had failed to pay the employees' wages within the meaning of 21–5–4(e), and entered judgment for the employees. In its order the court awarded attorneys' fees and liquidated damages in the amount of two and one-half percent of the appellants' regular wages for a thirty-day period. We agree with the decision of the trial court and affirm.

West Virginia Code § 21–5–4(e) states in part:

If a person, firm or corporation fails to pay an employee wages as required under this section, such person, firm or corporation shall, in addition to the amount due, be liable to the employee for liquidated damages in the amount of wages at his regular rate for each day the employer is in default, until he is paid in full, without rendering any service therefor: Provided, however, that he shall cease to draw such wages thirty days after such default.

■ The failure to pay the union dues was a failure to pay "wages" under § 21–5–4(e). The term "wages" is defined in W.Va.Code § 21–5–1 (1985) to mean "compensation for labor or services rendered by an employee...." Thus, wages as used in the article include the total compensation an employee receives from his employer. Union dues that are deducted from a member's pay are a part of that compensation. The only difference between regular wages and the union dues is that the law allows the employee to contract with the employer to have his union dues withheld from his pay check and paid to the union. *See* W.Va.Code § 21–5–1(g).

■ Glavas Contracting points out that the statute does not become effective unless "a person, firm or corporation fails to *pay an employee* wages as required under this section...." (emphasis added). Glavas argues that it did not fail to pay an employee, but instead failed to pay the union. The distinction has no merit. The union is an assign of the employees, and therefore stands in their shoes. The fail-

1. The employees complained that Peti Glavas should not have been released as a defendant because he knowingly refused to pay the union dues. Nevertheless, there was evidence in the record to support the trial court's finding that the failure to pay the dues was due to negligence. Therefore we find no error in the decision.

ure to pay the dues to the union was the same as a failure to pay the employees directly.

The employees complain that the trial court's award of two and one-half percent for thirty days, i.e., the amount of the union dues, was incorrect. Instead, the employees assert that the statute requires payment of full wages. The employees' reading of the statute is untenable. Were we to adopt it, it would prescribe the same punishment for an employer who negligently left a penny off each of his employees' paychecks and an employer who failed to pay his employees at all.

■ The statute provides that if an employee is not paid wages, the employer is liable for an extra thirty days of pay at the regular rate. The wages which the employer in this case failed to pay were the union dues. The amount of liquidated damages for which the employer is liable under the statute is an extra thirty days of union dues at the regular rate. This is the punishment the circuit court prescribed. We therefore find no error.

Because we find no error by the trial court, the judgment of the Circuit Court of Taylor County awarding the employees liquidated damages and attorneys' fees is affirmed.

Affirmed.