Dear Senator Long
¶ 0 This office has received your request for an official Opinion in which you asked the following questions:
 The Oklahoma Commissioner of Labor is required, pursuant to 40 O.S. 1991, § 197.6[40-197.6], to prescribe and furnish a notice of pertinent minimum wage provisions to be posted by every employer subject to the Oklahoma Minimum Wage Act.
 1. Under the Minimum Wage Act, may the Commissioner of Labor include information which is not pertinent to the Act in that notice?
 2. If the Commissioner of Labor prepares a Minimum Wage Actnotice which does include non-minimum wage information, such asinformation regarding the restriction on a union's use of uniondues paid by non-union members, are employers covered by theOklahoma Minimum Wage Act required, pursuant to 40 O.S. 1991, §197.6[40-197.6], to post such notice?
 I.
¶ 1 As noted in your first question, it is the duty of the Commissioner of Labor to prescribe and furnish to covered employers a "notice or notices of the pertinent provisions" ("the Notice") of the Oklahoma Minimum Wage Act in Oklahoma and to enforce the posting of such Notice by covered employers:
 On and after August 1, 1965, every employer,
subject to this act, shall post a notice or notices of the pertinent provisions of this act in such form as may be prescribed and furnished by the Commissioner. Said notice shall be not less than eleven (11) inches by seventeen (17) inches in size and shall be displayed in such a manner so as to be accessible to all employees in each establishment under the control of the employer. The Commissioner, or his duly-authorized representative, may, for the purpose of determining whether such notice has been properly posted, enter, during business hours, upon the premises of any employer subject to this act.
40 O.S. 1991, § 197.6[40-197.6] (emphasis added).
¶ 2 The Oklahoma Minimum Wage Act, 40 O.S. 1991, §§197.1-197.17 ("the Act"), mandates minimum wages to be paid by employers covered by the Act, requires notice to covered employees, authorizes the Commissioner of Labor to enforce the Act, establishes certain exceptions to the Act, and grants the Commissioner rulemaking authority for the enforcement of the Act.See generally 40 O.S. 1991, §§ 197.1[40-197.1] through 197.12. The Act defines wage, for the purposes of the Act, as:
 [C]ompensation due to an employee by reason of his employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges or allowances as may be permitted by law[.]
40 O.S. 1991, § 197.4[40-197.4](b).
¶ 3 While the Commissioner of Labor has general authority to establish standards of wages and conditions of labor in Oklahoma,40 O.S. 1991, § 197.3[40-197.3](B), the answer to your first question is properly determined by standard rules of statutory construction. The cardinal rule of statutory construction is "to ascertain legislative intent." Nelson v. Pollay, 916 P.2d 1369, 1373
(Okla. 1996). Further, an officer or agency has only those powers expressly given by statute and those necessarily implied for the due and efficient exercise of powers expressly granted or fairly implied.[1] Marley v. Cannon, 618 P.2d 401 (Okla. 1980). See also, City of Hugo v. State ex rel. Public EmployeesRelations Board, 886 P.2d 485 (Okla. 1994).
¶ 4 A plain reading of the Act reflects that the authority extended to the Commissioner of Labor in regard to the Notice the Commissioner is required to prescribe and furnish is limited to minimum wage matters. The Act specifically provides that the notice to be prescribed shall include "the pertinent provisionsof this act." 40 O.S. 1991, § 197.6[40-197.6]. Although the Act recognizes that the employer may deduct certain amounts from wages, there is no indication from the Act as a whole that the Notice may include information regarding any matter unrelated to minimum wages. In other words, the authority of the Commissioner in the Act relates only to minimum wages. For the Commissioner of Labor to include information which is not required to be in the Notice would permit the Commissioner to use governmental powers to require the posting of information not otherwise required by law to be posted. This violates the principles of Marley. A reading of the Act reflects no grant to the Commissioner of this power, nor is any necessary implication for the power apparent. The Commissioner of Labor may not include on the minimum wage notice required by 40 O.S. 1991, § 197.6[40-197.6], any matter other than the pertinent provisions of the Oklahoma Minimum Wage Act. 40O.S. 1991, §§ 197.1-197.17.
 II.
¶ 5 Your second question describes a scenario in which the Commissioner of Labor has sought to include a statement regarding the payment of union dues and certain rights of non-union members who pay union dues in the minimum wage notice. There is no indication in the Act that the Legislature intended to include union dues information as a factor in the determination of minimum wages. Indeed, we can find no State[2] or federal support for this proposition. Although no federal regulations speak directly to the subject, federal regulations provide that deductions from wages on a voluntary assignment or order of an employee are not factored into the calculation of minimum wages so long as the deduction does not directly or indirectly benefit the employer. See 29 C.F.R. § 531.40(a).
¶ 6 Because neither the payment nor use of union dues is related to the calculation of minimum wages, the Commissioner does not have the authority to include such non-minimum wage information in the Notice required by Section 197.6.[3] The enforcement authority of the Commissioner regarding the Notice does not apply to any information not required by the Act to be posted. Under the teaching of Marley, the Commissioner does not have the authority to place non-minimum wage information in the Notice, nor does the Commissioner have the authority to require employers to post non-minimum wage information, such as union dues information. Your question was whether Oklahoma employers are required to post a Notice which contains information beyond the authority of the Commissioner to prescribe and furnish. Employers are required to post the minimum wage notice prescribed and furnished by the Commissioner of Labor. However, a Notice which contains non-minimum wage information is outside the scope of authority of the Commissioner of Labor to prescribe and furnish. Since, again, an officer or agency may do only those things authorized by law, it is logical to conclude that an officer or agency which acts in excess of the law has undertaken no official action at all. Thus, rather than answering your question in terms of whether employers are required to post a Notice which contains information in excess of the Commissioner's authority to prescribe and furnish, it must be concluded that the Commissioner does not have the authority to enforce the posting of a Notice which exceeds the Commissioner's authority to prescribe and furnish.
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The Oklahoma Commissioner of Labor has no authority to include in the notice required by the Oklahoma Minimum Wage Act any information which is not pertinent to that Act. 40 O.S. 1991, § 197.6[40-197.6].
 2. In the event the Commissioner of Labor includes non-minimum wage information in the minimum wage notice prescribed and furnished pursuant to 40 O.S. 1991, § 197.6[40-197.6], the Commissioner of Labor does not have the authority to enforce the posting of a notice which exceeds the Commissioner's statutory authority to prescribe and furnish. 40 O.S. 1991, §§ 197.1-197.17.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL
[1] Marley and its predecessor case, Boydston v. State,277 P.2d 138 (Okla. 1954), involved the limitations on the expressed statutory powers of officers and agencies. While the Commissioner of Labor's position is created by the Oklahoma Constitution at Article VI, § 20, the Commissioner's powers are exclusively statutory. Thus, the limitations expressed by Marley andBoydston are applicable to this position.
[2] In Cooper v. Glavas Contracting Co., 354 S.E.2d 822
(W.Vir. 1987), the West Virginia Supreme Court of Appeals held that union dues deducted from an employee's paycheck in a situation in which the employer then failed to pay over such deductions to the union, constituted wages for the purpose of enforcement of state laws against the failure to pay wages. While this case is not on point, it lends support to the notion that union dues do not affect the minimum wage calculation in that they are wages of the employee like other wages. Dues are merely paid from the employee's wages directly by the employer to the union.
[3] Having said this, we do not imply that the Commissioner does not have the authority under 40 O.S. 1991, § 1[40-1], to make such a notice available for posting in the discretion of the employer. Section 1(B)(1) and (2) imposes the duty upon the Labor Commissioner to "foster, promote, and develop the welfare of the wage earners of this state" and to "improve working conditions of the wage earners." The Commissioner may certainly issue notices separate from the minimum wage notice to the benefit of wage earners and request that such notices be placed in the work place. The Commissioner cannot, however, enforce or require the placement of such other notices absent statutory authority.